New Jersey Department of Labor,
Workmen's Compensation Bureau.

FRANK S. SPRAGUE, PETITIONER, v. THE SCHULTZ VEGETABLE OIL COMPANY, RESPONDENT.

For the petitioner, *Edwin J. O'Brien.*

For the respondent, *McCarter & English.*

\*     \*     \*     \*     \*     \*     \*

Petitioner alleges that he sustained an accident arising out of and in the course of his employment with the respondent on ·September 16th, 1927. He says that at that time he was employed by the respondent as a millwright, and while so engaged lost his balance while attempting to throw on a belt and was thrown or fell to the brick floor some distance below, striking his nose, face and left wrist. He alleges that as a result of the said accident he sustained serious and permanent injury. He alleges that he received injuries consisting of a fracture and displacement of the bones of the left wrist, facial injuries, and that he suffers from dizziness, vertigo, headaches, impairment of function of nose, stoppage of breathing through nose, loss of sense of smell and consequent loss of appetite; impairment of vision, head and brain injuries as well as central nervous disturbances. The petitioner claims very serious total permanent disability.

Respondent denies that the dizziness, vertigo, impairment of vision, head and brain injuries, as well as central nervous disturbances, conditions of the petitioner, are the result of an accident arising out of and in the course of his employment with the respondent, but the respondent takes all injuries,

diseases, and any and all other conditions of petitioner into consideration, including any and all ultimate results of any and all of the various diseases, injuries and conditions of the petitioner, and basing the settlement not only on petitioner's present condition but on any and all developments in his condition of any nature whatsoever which may be by him or by doctors alleged to be results of his alleged accident, either directly or by way of aggravation is willing to settle the entire matter for twenty per cent. of total permanent disability at the rate of $17 a week, ten per cent. of which has already been paid to the petitioner. Respondent also agrees to pay as its part of a counsel fee of $150 awarded to the attorney for the petitioner the sum of $75. The petitioner is to pay the balance of $75 counsel fee, and the petitioner is also to pay all medical expenses and costs of X-rays incurred by reason of the alleged accident.

From the testimony and the facts stipulated, the settlement is fair to both sides and is approved by this court upon the distinct understanding of the petitioner and his attorney and the respondent and its attorneys that a fundamental element of the settlement is the fact that any future or further disturbances resulting in an increase of disability to the petitioner are taken into consideration and are in a large measure the reason for the respondent's willingness to agree to this settlement.

\*        \*        \*        \*        \*        \*        \*

HARRY J. GOAS,
*Deputy Commissioner.*